ROBERT BROADMAN, PLAINTIFF-RESPONDENT, v. LEROY DYAL, DEFENDANT-APPELLANT.

Submitted October 14, 1932—Decided June 10, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the appellant, *James P. Mylod.*

For the respondent, *Henn & Burr.*

PER CURIAM.

This case presents an appeal from two judgments entered on August 18th, 1932, in the District Court of the First Judicial District of Essex county in the sums of $450 and $150, respectively. The judgments recovered represent rents claimed to have been due and owing by the defendant. The first judgment represents three months' rent for the months of February, March and April, 1932, and the second judgment represents rent claimed for May, 1932.

The plaintiff, Broadman, had been the owner of the property occupied by the defendant, as tenant, but the record discloses that he sold it on March 1st, 1932, to a Mr. Cohen. The defendant had occupied the premises and had not paid his rent. Unquestionably, the plaintiff was entitled to rent for the month of February in the sum of $150. Now Broadman further claims to have been entitled to rent subsequent to March 1st, the date of the sale, on the ground, first, that he was a second mortgagee in possession and had the right to collect rents and, secondly, that he had an assignment of rents from his vendee, Cohen. There is no proof in the record that he had such an assignment.

The tenant, Dyal, who is the appellant here, denies any liability to Broadman for rent on the ground that the property while in the ownership of Broadman was encumbered by a first mortgage and that on August 26th, 1931, he had been served with a notice by the first mortgagee that there had been a default in the covenant of the bond accompanying said first mortgage and that said mortgagee elected, under the mortgage agreement, to take possession and collect the rents from the

property. This first mortgage had been owned by the Franklin Mortgage and Title Guaranty Company and the witness, Vieser, secretary of that mortgage company, testified that the mortgage in question had been assigned to the Prudential Insurance Company in March, 1931, and that the Franklin Mortgage and Title Guaranty Company had re-purchased the same from the Prudential Insurance Company on October 9th, 1931. It seems clear, therefore, that the appellant's point in resisting the plaintiff's claim for rent on the ground of notice and demand for rent by the first mortgagee is ineffectual as against the plaintiff's right inasmuch as the testimony of Vieser, on cross-examination, indisputably shows that his company at the time of the alleged notice, namely, August 26th, 1931, did not own the mortgage in question and was in no position to demand rents of the property encumbered.

It also appears in the state of the case that this plaintiff had sued this same defendant for rent for the months of September, October, November, December and January preceding and had in each case obtained judgment against the defendant which was satisfied. Broadman's right to recover for the month of February appears indisputable. *In re Walsh's Estate,* 80 *N. J. Eq.* 565 (at *p.* 569); 74 *Atl. Rep.* 563.

As to the months of March, April and May, plaintiff, Broadman, had no right to the rents for these months unless evidence was offered tending to prove that he held an assignment from his vendee or that he exercised his prerogative as mortgagee as to his second mortgage and was in a legal position to successfully claim the income from the property.

As to the first proposition, there is no testimony whatever that the rents had been assigned to him subsequent to March 1st. There was a discussion between the court and counsel wherein mention was made of the fact that at a previous trial between the same parties in a suit for rent an "assignment" was admitted into evidence but it is not in this case. The discussion between court and counsel does not constitute legal evidence and in this case there is not an iota of testimony from any witness concerning an asignment of rents applicable or material to this controversy. Nor does the second proposi-

tion of the plaintiff, Broadman, help him to establish his claim. Since he sold the property to Cohen on March 1st, it is difficult to see how, assuming he took back a purchase-money second mortgage, the mortgage could be in default immediately. It is true that he testified that on March 1st, the date of the sale, his second mortgage was in default (just how it was in default doesn't appear) but there isn't a scintilla of evidence that as such second mortgagee he took possession at that time and asserted the right to collect rents. It is true of course that a tenant cannot dispute the title of the person under whom he entered into possession of the premises except for the purpose of showing the termination of his landlord's interest and in this case it was not at all disputed that the landlord, Broadman, had parted with his title to Cohen on March 1st.

The judgments, therefore, will be reversed, and a *venire de novo* awarded, costs to abide the event.